UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEVENS & COMPANY, LLC<br>d/b/a THE CHEF COMPANY,<br><br>         *Plaintiff*,<br><br>-against-<br><br>JASON ESPAT,<br><br>         *Defendant*. | Civ. Case No. 1:24-cv-5223<br><br>**NOTICE OF REMOVAL** |

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant JASON ESPAT files this Notice of Removal of the above-captioned matter from the Supreme Court of the State of New York for the County of New York to the United States District Court for the Southern District of New York. The grounds for removal are as follows:

1. On or about May 29, 2024, Plaintiff Stevens & Company, LLC filed its Summons with Notice with the Supreme Court of the State of New York in the County of New York. Defendant received Summons with Notice by certified mail on or about June 3, 2024 and then on or about June 10, 2024.[1] As explained below, this Court has subject matter jurisdiction based upon diversity jurisdiction and this Notice of Removal is timely filed.

2. Pursuant to 28 U.S.C. § 1332, this Court has jurisdiction over this action because it is between citizens of different states, and the amount in controversy is greater than $75,000, exclusive of interest and costs. Therefore, this action could have originally been filed in this Court and is now properly removed to this Court.

   a. Defendant Jason Espat is a citizen and a domiciliary of the State of California with a permanent domicile in Fontana, CA. Generally, "[a]n individual's citizenship, within the meaning of the diversity statute, is determined by his domicile[.]" *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53 (2d Cir. 2019) (internal quotation marks omitted).

   b. Because Stevens & Company, LLC is a limited liability company, it "takes the citizenship of all of its members." *Platinum-Montaur Life Scis., LLC v. Navidea*

---

[1] Plaintiff appears to rely on alternative service by certified mail based on an "agreement between Plaintiff and Defendant that provides for service of process by certified mail."

> *Biopharmaceuticals, Inc.*, 943 F.3d 613, 615 (2d Cir. 2019). The Summons with Notice does not plead the place(s) of citizenship of the members of Stevens & Company, LLC. Upon information and belief, however, the individual members of Stevens & Company, LLC are citizens of New York and thus Plaintiff is a citizen of the State of New York and is also registered as a domestic Limited Liability Company with the Secretary of State of the State of New York.
>
> c. Plaintiff's Summons with Notice alleges damages "in excess of $500,000."

3. Hence, there is complete diversity between the Plaintiffs and the Defendant in this case and the amount of controversy is well in excess of the $75,000 threshold, and this Court has subject matter jurisdiction under 28 U.S.C. § 1332. In addition, no defendant is a citizen of the state in which this action is brought.

4. Pursuant to 28 U.S.C. §1446(a), all process, pleadings and orders that have been served upon Defendant to date in this matter are filed herewith.

5. A copy of the Notice of Filing of Notice of Removal, the original of which is being filed with the Clerk of the Supreme Court of the State of New York, County of New York, as required by 28 U.S.C. § 1446(d) is filed herewith.

6. A copy of the Notice of Filing of Notice of Removal and this Notice of Removal, is being served on Plaintiff in accordance with 28 U.S.C. § 1446(d).

7. This Notice of Removal is being filed within 30 days, as defined by 28 U.S.C. §1446(b) and Fed. R. Civ. P. 6(a), after Defendant first received a copy of Plaintiff's Summons with Notice, since the removability of the action based on diversity jurisdiction was not apparent from the face of the Plaintiff's initiating papers. *See Whitaker v. Amer. Telecasting, Inc.*, 261 F.3d 196, 206 (2nd Cir. 2001) (internal quotations and citations omitted) (a case becomes removable when the initial pleading "enables the defendant [to] intelligently ascertain removability from the face of such pleading, so that in its petition for removal[, the] defendant can make a short and plain statement of the grounds for removal as required [by] 28 U.S.C. § 1446(a)."

8. The required filing fee and an executed civil information sheet accompany this Notice.

**Reservation of Rights**

9. All rights are reserved, including, but not limited to, defenses and objections as to venue and personal jurisdiction or service, and the right to move for the dismissal of the Complaint for, e.g., failure to state a claim for relief, as well as any counterclaims available to Defendant. The

filing of this Notice of Removal is subject to, and without waiver of, any such defenses, objections and counterclaims.

10. Defendant also reserves the right to amend or supplement this Notice of Removal.

**WHEREFORE**, Defendant respectfully requests that the Clerk note that this action has been removed from the Supreme Court of the State of New York to the United States District Court for the Southern District of New York, and that all proceedings hereafter shall take place in the United States District Court fort the Southern District of New York.

<u>Date</u>: July 10, 2024
Stamford, CT

Respectfully submitted,

**WOLTZ & FOLKINSHTEYN, P.C.**

By: _____
Benjamin Folkinshteyn, Esq.
P.O. Box 3111
Stamford, CT 06905
203.276.0792
jwoltz@wfpclaw.com

*Attorneys for Defendant Jason Espat*

## CERTIFICATE OF SERVICE

I hereby certify that, on July 10, 2024, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF filing systems, and that a copy of the foregoing was served via U.S. mail, upon the following:

Leo L. Esses, Esq.
The Esses Law Group, LLC
845 Third Avenue, 6th Fl.
New York, NY 10022
E: leo@esseslaw.com
P: (212) 673-3160

I further certify that, pursuant to 28 U.S.C. § 1446(d), on July 10, 2024, a copy of the foregoing Notice of Removal was filed via the court's e-filing system upon the following:

Clerk of Court
New York County Courthouse
60 Centre Street
New York, NY 10007
646-386-3600

_____
Benjamin Folkinshteyn, Esq.