UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
STEVENS & COMPANY, LLC
D/B/A THE CHEF AGENCY,

                Plaintiff,

    -against-

JASON ESPAT,

                Defendant.
------------------------------------------------------------ X

Case No. 1:24-cv-05223
(LJL)(OTW)

**COMPLAINT**

Plaintiff Stevens & Company, LLC d/b/a The Chef Agency ("TCA" or "Plaintiff"), appearing by and through its counsel, The Esses Law Group, LLC, as and for its complaint against defendant Jason Espat ("Defendant"), alleges as follows:

## NATURE OF THIS ACTION

1. Plaintiff brings this action seeking damages against Defendant for breach of contract and breach of fiduciary duties under the faithless servant doctrine. Plaintiff further seeks declaratory relief to confirm that Defendant is not entitled to any compensation under the Agreement between Plaintiff and Defendant and for attorneys' fees.

2. Plaintiff is a leading recruitment firm specializing in the hospitality industry, with a reputation for providing high-end clients with top-tier talent, including chefs and management staff for both front and back of house operations.

1

3. Defendant represented himself as an experienced recruiter capable of placing high-caliber candidates at prestigious hospitality establishments, including restaurants and hotels.

4. Contrary to Defendant's representations, Defendant lacked the necessary experience in high-end recruitment, and due to his own deficiencies, failed to perform his job as required under the Agreement.

5. Additionally, after Defendant was terminated for failing to perform the tasks for which he was contracted, Defendant misused confidential and proprietary information obtained from Plaintiff to establish a competing business, in direct breach of the Agreement between the parties.

6. As a result, Plaintiff is entitled to monetary damages and declaratory relief.

## THE PARTIES

7. TCA is a New York limited liability company authorized to conduct business in the State of New York. TCA's primary place of business is in New York County. The sole member of TCA is a New York resident.

8. Upon information and belief, Defendant resides in California.

## JURISDICTION AND VENUE

9. This Court has general and personal jurisdiction over the Defendant in accordance with the written agreement between the parties.

10. Venue is also proper in New York County because Plaintiff resides in New York County, the injuries occurred in New York County and Defendants agreed in the written agreement to venue in New York County.

11. Specifically, the agreement between the Plaintiff and Defendant states:

> This Agreement shall be governed by the laws of the State of New York without regard to conflict of law principles. The parties hereto hereby consent to the exclusive jurisdiction of the Supreme Court of the State of New York, County of New York, and the United States District Court for the Southern District of New York for all purposes in connection with any legal proceeding between them relating to or arising out of this Agreement

## FACTUAL ALLEGATIONS

12. TCA is a nationally recognized recruitment firm specializing in placing high-end talent within the food and beverage industry.

13. TCA's clientele includes some of the most prestigious names in the hospitality sector.

14. TCA's team of in-house and regional partners assists in identifying talent for corporate, domestic, front-of-house, and back-of-house positions nationwide.

15. As part of its operations, TCA seeks to expand its team by recruiting talented individuals, such as regional partners, to assist in identifying and placing top talent.

16. TCA provides its regional partners with the use of its name, branding, and proprietary intellectual property (the "TCA Marks").

17. TCA further provides its partners with its proprietary business methods, standards, and procedures (the "TCA Systems").

18. TCA also grants its regional partners access to its customer relationship management software (the "TCA Database").

19. Defendant sought to join TCA as a regional partner, representing himself as capable of fulfilling the necessary job responsibilities.

20. TCA and Defendant entered into a Regional Partnership Agreement ("Agreement") on September 15, 2022.

21. The Agreement had an initial term of one year, unless otherwise terminated.

22. Under the Agreement, Defendant was to be compensated through a Placement Fee, which was a percentage of the fees collected by TCA from clients for successful candidate placements.

23. In exchange, Defendant agreed to maintain the confidentiality of TCA's proprietary information, including the TCA Marks, TCA Systems, and TCA Database.

24. The Agreement contained a non-compete clause, prohibiting Defendant from engaging in or performing any competitive services with a business that competed with TCA during or after his tenure.

25. Defendant lacked the requisite skills to perform his job functions and failed to fulfill the duties required under the Agreement.

26. Defendant failed to secure a single candidate placement for TCA.

27. Despite his failures, Defendant improperly alleges that he is entitled to payment from TCA.

28. Upon termination of his Agreement, Defendant founded a competing recruitment company, Art Hub, in direct violation of the non-compete clause.

29. Defendant opened up a business sourcing, hiring and retaining elite talent for companies.

30. Defendant, upon information and belief, has been utilizing confidential information obtained from TCA in furtherance of his competing business.

31. Additionally, upon information and belief, Defendant has exploited relationships with TCA's clients to benefit his new company, further breaching the Agreement.

## FIRST CAUSE OF ACTION
(Declaratory Relief)

32. TCA repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

33. A dispute exists between Plaintiff and Defendant regarding Defendant's entitlement to compensation under the Agreement.

34. Defendant has failed to fulfill the conditions required to receive any payment from Plaintiff.

35. Nonetheless, Defendant claims he is owed payment from TCA.

36. TCA seeks a declaration from this Court that Defendant is not entitled to any payment under the Agreement.

37. TCA has no adequate remedy at law.

38. Accordingly, TCA is entitled to a declaration from this Court that is does not owe any money to Defendant.

### SECOND CAUSE OF ACTION
(Breach of Contract)

39. TCA repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

40. TCA and Defendant entered a valid and enforceable written Agreement.

41. TCA has abided by all terms and complied with all obligations of the Agreement.

42. Defendant has breached the Agreement.

43. Defendant's breach of the Agreements has caused damage to TCA.

44. Accordingly, TCA is entitled to recover damages in an amount to be determined at trial, but in no event less than $500,000, plus pre- and post-judgment interest, and attorneys' fees, expenses and costs.

## THIRD CAUSE OF ACTION
(Faithless Servant)

45. TCA repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

46. Defendant was contracted to perform services on behalf of TCA and was entrusted by TCA, thereby placing Defendant in a position of trust and confidence with respect to Plaintiff's business and confidential information.

47. Defendant owed Plaintiff a duty of loyalty, trust, and good faith, including the duty to act in Plaintiff's best interests

48. Defendant breached this duty and such misconduct was directly contrary to Plaintiff's interests.

49. Defendant's actions were undertaken knowingly, intentionally, and in bad faith, without Plaintiff's knowledge or consent, and in direct violation of Defendant's obligations

50. Accordingly, TCA is entitled to recover damages in an amount to be determined at trial, but in no event less than $500,000, plus pre- and post-judgment interest, and attorneys' fees, expenses and costs.

## FOURTH CAUSE OF ACTION
(Attorneys' Fees)

51. TCA repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

52. The Agreement provide that TCA is entitled to attorneys' fees, costs and expenses in relation to TCA's litigation of this matter.

53. Accordingly, TCA is entitled to recover damages in an amount to be determined at trial, plus pre- and post-judgment interest, and attorneys' fees, expenses and costs.

**WHEREFORE**, TCA respectfully request this Court to enter judgment in its favor against Defendant as follows:

i. As to the First Cause of Action, a declaration that no monies are owed by TCA to Defendant.

ii. As to the Second Cause of Action, an amount to be determined at trial, but not less than $500,000, plus pre- and post-judgment interests, attorneys' fees and costs;

iii. As to the Third Cause of Action, an amount to be determined at trial, but not less than $500,000, plus pre- and post-judgment interests, attorneys' fees and costs;

iv. As to the Fourth Cause of Action, an amount to be determined at trial;

v. Granting attorneys' fees and costs to TCA; and

vi. Granting TCA all such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 9, 2024

                    THE ESSES LAW GROUP, LLC

By: *Leo L. Esses*
      Leo L. Esses
845 Third Avenue, 6th Floor
New York, New York 10022
Tel:   (212) 673-3160
leo@esseslaw.com
*Counsel to Plaintiff*