```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 10/28/2024
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
                                                             :
STEVENS & COMPANY, LLC,                                      :
                                                             :
                              Plaintiff,                     :
                                                             :    24-cv-5223 (LJL)
            -v-                                              :
                                                             :    MEMORANDUM AND
JASON ESPAT,                                                 :         ORDER
                                                             :
                              Defendant.                     :
                                                             :
-------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendant Jason Espat moves to dismiss this action pursuant to Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), and 12(b)(6) for lack of personal jurisdiction, improper service, and failure to state a claim for relief. Dkt. No. 15. This action was removed from New York State Supreme Court, New York County. Dkt. No. 1.

For the following reasons, the motion is denied.

## BACKGROUND

Plaintiff is a recruitment firm specializing in the hospitality industry, with a reputation for providing high-end clients with top-tier talent, including chefs and management staff for both front and back of office operations. Dkt. No. 20 ¶¶ 2, 12–13. It does business, in part, by recruiting talented individuals as regional partners to assist in identifying and placing top talent. *Id.* ¶ 15. Defendant worked for Plaintiff pursuant to a Regional Partnership Agreement ("RPA") with a one-year term starting on September 15, 2022. *Id.* ¶¶ 20–21. Plaintiff asserts claims against Defendant for breach of the RPA and faithless fiduciary and seeks a declaratory judgment to the effect that it does not owe Plaintiff any compensation. Defendant counterclaims against Plaintiff and asserts third-party claims against Plaintiff's sole member, Steven Kamali.

Dkt. No. 22. Defendant asserts, among other things, that he was an employee and not an independent contractor, that Plaintiff has failed to pay him the compensation he is due under New York and California labor laws, and that a non-compete clause contained in the RPA is unenforceable. *Id*.

Plaintiff initiated this action by summons with notice (the "Summons") filed on May 29, 2024, in New York State Supreme Court, New York County. Dkt. No. 1; Dkt. No. 1-1. The Summons provided notice that the nature of the action was for "(i) Declaratory Judgment, (ii) Breach of Contract, (iii) Faithless Servant, and (iv) Attorney's Fees," and stated that "[t]he basis of this action arises out of and relates to the breach by Defendant of his September 15, 2022 agreement with the Plaintiff." Dkt. No. 1-1. It contains no factual averments. Defendant removed the action to this Court by Notice of Removal filed on July 10, 2024. Dkt. No. 1.

Plaintiff moved to remand on July 17, 2024. Dkt. No. 7. The Court denied the motion to remand by order of July 26, 2024. Dkt. No. 14.

Defendant filed this motion to dismiss along with a memorandum of law in support of the motion on August 30, 2024. Dkt. Nos. 15–16. Plaintiff filed an opposition to the motion on September 9, 2024. Dkt. No. 19. On September 10, 2024, Plaintiff filed its complaint. Dkt. No. 20. Defendant filed a reply in further support of the motion to dismiss on September 17, 2024. Dkt. No. 21. On September 30, 2024, Defendant answered the complaint and filed a third-party complaint against Steven Kamali as well as a counterclaim against Stevens & Company. Dkt. No. 22. Plaintiff replied to the answer, third-party complaint, and counterclaim on October 14, 2024. Dkt. No. 29.

## DISCUSSION

**I.     Rule 12(b)(6): Failure to State a Claim**

The motion raises an interesting question apparently not previously addressed in any reported decision: whether the absence of a complaint is proper grounds for a motion to dismiss for failure to state a claim. For the following reasons, the Court finds that under the circumstances, it is not.

Under 28 U.S.C. § 1446(b), the time to remove is measured from the date the defendant receives "a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b). In *Whitaker v. American Telecasting, Inc.*, 261 F.3d 196 (2d Cir. 2001), the Second Circuit held that a New York State summons and notice constitutes an initial pleading from which the time to remove begins to run. *Id.* at 203–05. Indeed, the court found the term "initial pleading" to be unambiguous. *Id.* at 203. Federal Rule of Civil Procedure 81 provides that in cases removed from state court the time to answer or move runs from the time of the initial pleading or from the notice of removal, whichever is later. Fed. R Civ. P. 81(c). But Federal Rule of Civil Procedure 12 provides that the time to serve a responsive pleading runs from the filing of a complaint, Fed. R. Civ. P. 12(a), and Federal Rule of Civil Procedure 8 seems to contemplate that the answer be to a complaint and not to a summons with notice, Fed. R. Civ. P. 8. New York procedural rules allow but, contrary to Plaintiff's urging, Dkt. No. 19, *do not require* the defendant to demand a complaint if one is not served with the summons. N.Y. C.P.L.R. 3012(b) ("If the complaint is not served with the summons, the defendant may serve a written demand for the complaint within the time period provided in subdivision (a) of rule 320 for an appearance.  Service of the complaint shall be made within twenty days after service of the notice of appearance.  If no demand is made, the complaint shall be served within twenty days after service of the notice of appearance.  The court

upon motion may dismiss the action if service of the complaint is not made as provided in this subdivision. A demand or motion under this subdivision does not of itself constitute an appearance in the action.").[1] Service of the demand extends the time to appear until twenty days after service of the complaint. *Id.*

This action was commenced on May 29, 2024, in New York State Supreme Court by Plaintiff Stevens & Company, LLC, and then was removed to this Court by Defendant Jason Espat on July 10, 2024 after he received a summons with notice by certified mail on June 3, 2024. Dkt. No. 1; Dkt. No. 1–1. Defendant then filed his motion to dismiss on the grounds that no complaint has been filed. He argues that the action should be dismissed because the Summons does not contain facts plausibly supporting a claim as required by Federal Rule of Civil Procedure 8. The argument is based on the apparent premise that Defendant was required to file a responsive pleading before a complaint was filed and that, correspondingly, only the Summons was available to satisfy Rule 8. The premise is mistaken.

It is correct that Plaintiff did not file a complaint in state court. As permitted New York state court procedure, it initiated this action by a summons with notice. A summons with notice need not allege any facts. A summons with notice need only state the nature of the action, the relief sought, and, with the exception of an action for medical malpractice, the sum of money for which judgment may be taken in case of default. N.Y. C.P.L.R. 305(b); *see Parker v. Mack*, 460 N.E.2d 1316, 1317 (N.Y. 1984)) (the summons need only provide the defendant "basic information concerning the nature of plaintiff's claim and the relief sought"). It need not "apprise the defendants of the precise legal theory behind the plaintiff's case," *Pilla v. La Flor de*

---

[1] C.P.L.R. 320 requires the defendant to appear within twenty days of service of the summons but that if the complaint is not served with the summons, the time to appear may be extended as provided in subdivision (b) of section 3012.

4

*Mayo Express, Inc.*, 595 N.Y.S.2d 678 (1st Dep't 1993)); *Gregory v. Custom Partners LLC*, 2010 WL 3280583 (Sup. Ct. N.Y. Cnty. Jan. 20, 2010); or contain factual details, *Smith v. Subbaiah*, 2013 WL 3816532 (Sup. Ct. N.Y. Cnty. July 18, 2013).

Federal Rule of Civil Procedure 12, which sets the time period for serving an answer or a motion, presumes that the plaintiff has filed a complaint. Fed. R. Civ. P. 12(a), (b). Without a complaint, there would be no pleading about which the defendant can "state in short and plain terms its defenses to each claim" and "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(A), (B) (stating the rules for pleading an answer). Without a complaint, moreover, the responding party would have no basis to assert virtually any of the defenses for which a motion is available under Federal Rule of Civil Procedure 12(b). It is a truism that the summons would not contain facts sufficient to state a claim for relief. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). It is not required to contain such facts. Just as a defendant would not be required to move to dismiss a summons with notice for failure to state a claim on the same timetable it would be required to move to dismiss a complaint,[2] the court could hardly hold a defendant to have waived a defense based on lack of personal jurisdiction or improper venue for failing timely to attack a pleading that was not required to plead facts establishing personal jurisdiction or venue. *See* Fed. R. Civ. P. 12(h)(1). Such an attack would be a pointless exercise. A complaint that is filed after a summons with notice has been removed would not be considered an amended complaint within the meaning of Rule 15, notwithstanding that rule's reference to a "pleading."

---

[2] Indeed, the timing of Defendant's motion here makes the point. If the summons with notice constitutes the "initial pleading" to which a response is due under Rule 12, then Defendant's response to that pleading would have been due on July 17, 2024, pursuant to Rule 81(c). Fed. R. Civ. P. 81(c). Under Defendant's own theory then, his motion is untimely, as it was filed on August 20, 2024.

5

*See* Fed. R. Civ. P. 15(a). The plaintiff is not deprived of his right to one amended complaint as a matter of course under Rule 15(a) by the fact of removal.

Taken to its logical conclusion, Defendant's legal position admits of no limiting principle and leads to absurd results. Because a summons with notice is not required to plead facts, Defendant's argument would result in dismissal for every case initiated by summons and notice for which a basis for federal subject matter jurisdiction exists. The clever defendant need only file a notice of removal and then, once the case is removed, immediately make the argument—as Defendant makes here—that the action must be dismissed because the summons does not contain the facts necessary to state a claim for relief. It is no answer to say that a plaintiff can avoid this result by omitting from the summons the facts from which the basis for removal can be discerned. New York law requires the plaintiff serving a summons with notice to state the parties, the nature of the action, and—in most circumstances—the relief sought. The upshot would be to deprive plaintiff of the form of initiating an action expressly permitted by the New York Civil Practice Law and Rules.

To be sure, Rule 81 requires the service of a responsive pleading within 21 days of the service of the initial pleading or summons for an initial pleading, or within 7 days after the notice of notice of removal is filed, Fed. R. Civ. P. 81, and *Whitaker* held that "a summons with notice may serve as an initial pleading under section 1446(b)," 261 F.3d at 205. But *Whitaker* should not be read out of context. "The Federal Rules of Civil Procedure are designed to be interdependent," and, accordingly, the court must strive to "harmonize the rules" whenever possible. *Weiss v. Regal Collections*, 385 F3d 337, 342 (3d Cir. 2004), *abrogated on other grounds*, *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153 (2016); *see also Borup v.. CJS Solutions Grp, LLC*, 333 F.R.D. 142, 146 (D. Minn. 2019). Moreover, Rule 1 commands that the Federal

6

Rules of Civil Procedure are to "be construed and administered to secure the just, speedy, and inexpensive determination of every action or proceeding." Fed. R. Civ. P. 1; *Herbert v. Lando*, 441 U.S. 153, 177 (1979) ("[A]ll of the Federal Rules of Civil Procedure[ ] are subject to the injunction of Rule 1 that they be construed to secure the just, speedy, and inexpensive determination of every action.") (cleaned up); *Kerman v. City of New York*, 374 F.3d 93, 118 (2d Cir. 2004) (rejecting a construction of Rule 50 which would result in a procedure inconsistent with Rule 1's injunction); *Rouviere v. DePuy Orthopaedics, Inc.*, 560 F. Supp. 3d 774, 789 (S.D.N.Y. 2021), *aff'd sub nom. Rouviere v. Howmedica Osteonics Corp.*, 2024 WL 1478577 (2d Cir. 2024) (rejecting a construction of Rule 72 inconsistent with Rule 1). An interpretation of Rule 81 that would make a summons with notice an initial pleading for purposes of Rule 8 and Rule 12 would place the Federal Rules into unacceptable internal conflict. Reading Rule 81 to require a defendant to answer before a complaint exists to be answered would be anathema to the construction of the Federal Rules of Civil Procedure that Rule 1 commands. The federal court would never enter a default judgment against a defendant who merely failed to respond with an answer to a summons not accompanied by a complaint. There must be facts pleaded for the court to enter a default judgment. *Karmagreen, LLC v. Super Chill CBD Prod.*, 2024 WL 1348783, at *2 (S.D.N.Y. Mar. 29, 2024) ("Whether entry of default judgment [] is appropriate depends upon whether the well-pleaded allegations against the defaulting party establish liability as a matter of law.") (citing *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011)). And if the court permitted a motion to dismiss a complaint for failure to state a claim for relief when no complaint had been filed or served purporting to contain facts from which a claim for relief existed, it would dismiss the action without prejudice and permit the re-

filing of a complaint. The whole exercise would be arbitrary, cumbersome, and costly rather than "just, speedy, and inexpensive." Fed. R. Civ. P. 1.

Defendant is correct that C.P.L.R. 3012(b), which contemplates that the defendant served with a summons with notice may demand a complaint, is not applicable in federal court. Dkt. No. 21; *Granny Goose Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda Co.*, 415 US 423, 437 (1974) ("[O]nce a case has been removed to federal court, it is settled that federal rather than state law governs the future course of proceedings, notwithstanding state court orders issued prior to removal."). Accordingly, once the case is removed to federal court, the defendant need take no action to demand a complaint. But that does not mean that the case can remain on the docket forever without any action being taken. Where an action has been removed and the plaintiff takes no action to timely file a complaint upon removal, the defendant may eventually move to dismiss the action for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it."). But Defendant makes no such argument here, nor could he when a complaint was filed within 62 days of removal. Because dismissal is a "harsh remedy" reserved for "extreme situations," *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993), it is only appropriate where, among other considerations, the plaintiff's "failure to prosecute caused a delay of significant duration," the plaintiff was "given notice that further delay would result in dismissal," and the defendant was "likely to be prejudiced by further delay." *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004). Two months' delay during which time the Defendant faced no material consequences from the pending suit does not suffice. *United States ex rel. Weiner v. Siemens AG*, 87 F.4th 157, 163–64 (2d Cir.

8

2023) (affirming district court's denial of dismissal for failure to prosecute where action had been pending for nine years).

Intentionally or unintentionally, Plaintiff and Defendant both fell into the blindspots that exist between the Federal Rules of Civil Procedure and the New York Civil Practice Law and Rules. Defendant could have, but did not, demand a complaint under C.P.L.R. 3012(b) after receiving the summons in state court. Plaintiff could have, but did not, file its complaint immediately in the federal docket after removal, even though, had the case stayed in state court, the maximum time would already have run for the filing of the complaint.[3] Defendant acted on a literal reading of the Federal Rules, yielding an absurd result. The Court will not now waste the time of either party by dismissing the summons for failure to state a claim on which relief can be granted, thereby requiring the re-filing of a complaint which has already been filed and to which the Defendant has already answered.

## II.     Rules 12(b)(2) and 12(b)(3): Lack of Personal Jurisdiction and Improper Venue

In addition to moving to dismiss for failure to state a claim, Defendant moves to dismiss for lack of personal jurisdiction and improper venue on the grounds that Defendant was at all times a resident of California. *See* Dkt. No. 16.

The same conclusion follows for motions under Federal Rules of Civil Procedure 12(b)(2) and 12(b)(3) as for motions under Rule 12(b)(6). Rule 8 requires the complaint to contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). And when a defendant has moved to dismiss for personal jurisdiction, the plaintiff must

---

[3] The maximum time is 40 days, assuming that 20 days elapsed after the filing of the summons, at which point (1) the defendant demands a complaint, giving the plaintiff 20 days to file the complaint, N.Y. C.P.L.R. 3012(b), or (2) the defendant enters an appearance, giving the plaintiff 20 days to file the complaint. *Id.*; N.Y. C.P.L.R. 320(a).

show, based at least on the pleadings, that the court has jurisdiction over the defendant. *Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir. 1999).  However, a summons with notice need not plead facts establishing jurisdiction.  Accordingly, Defendant's motion is premature and will be denied on that basis.

## CONCLUSION

The motion to dismiss is DENIED.

The Clerk of Court is respectfully directed to close Dkt. Nos. 15-16.

SO ORDERED.

Dated: October 28, 2024  
New York, New York

_____  
LEWIS J. LIMAN  
United States District Judge