

February 11, 2025

**<u>VIA ECF</u>**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl St., Room 1620
New York, NY 10007

> The motion for a stay is DENIED. The parties have not shown good cause to stay discovery at this stage of the litigation. The deadline to complete depositions is extended to April 5, 2025. The deadline to complete all discovery remains April 5, 2025. The status conference currently scheduled for March 5, 2025, is canceled.
>
> Date: 2/14/25
>
> SO ORDERED.
> LEWIS J. LIMAN
> United States District Judge

      Re:    *Stevens & Company, LLC v. Espat*, Civ. Case No. 1:24-cv-5223 (LJL)
            <u>Letter Motion - Partial Stay of Discovery / Scheduling Order</u>

Dear Judge Liman:

Counsel for Mr. Espat, Defendant and Third-Party Plaintiff in the above-captioned action, respectfully requests Your Honor's consideration of this letter motion for a partial stay of discovery pending Mr. Espat's motion for judgment on the pleadings filed with this Court on February 4, 2025.[1] Specifically, Mr. Espat is requesting that this Court stay depositions in light of the ongoing motion practice.

Although, as a general rule, a discovery is typically not stayed pending motion practice, a district court "has considerable discretion to stay discovery" upon a showing of good cause." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020). In determining whether to grant a stay of discovery pending a motion to dismiss, courts "must look to the particular circumstances and posture of each case," and consider factors including the breadth of discovery, prejudice to the parties, and the strength of a dispositive motion on which the request for stay is predicated. *Id.* "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Camara v. Alltran Financial L.P.*, 2021 WL 8531660, at *1 (S.D.N.Y. 2021) (Liman, J.), citing *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013). Courts also "take into account the nature and complexity of the action, whether some or all defendants have joined in the request for a stay, and the posture or stage of the litigation." *Shulman v. Becker & Poliakoff, LLP*, 2018 WL 4938808, at *2 (S.D.N.Y. Oct. 11, 2018) (citation omitted).

This Court's determination of Mr. Espat's motion for judgment on the pleadings is likely to resolve the majority of liability claims in this matter, both claims asserted by Plaintiff against Defendant and counterclaims asserted by Mr. Espat against the Defendant and third-party claims

---

[1] The parties have conferred in good faith in connection with this letter-motion. Opposing counsel agrees to this request for a stay so long as it is also contingent on the resolution of Plaintiff's motion to dismiss the amended complaint. Although Mr. Espat's discussion herein addresses the reasons for stay primarily in connection with his motion for judgment on the pleadings, similar arguments extend to certain portions of Plaintiff's motion to dismiss as well.

asserted against Mr. Steven Kamali.  This stay would promote judicial economy, greatly simplify the issues before the Court, and minimize expenses and complexity for all the parties involved.

Currently, the depositions are scheduled to have been completed by February 5, 2025.  The parties have exchanged initial productions and are currently working to resolve their outstanding discovery disputes.  The parties have not yet started depositions due to intervening unanticipated motion practice, including Plaintiff's motion to dismiss Defendant's amended complaint, which preceded Mr. Espat's motion for judgment on the pleadings.  Plaintiff is not going to suffer any undue prejudice in connection with the stay as it has not alleged "any continuing conduct, or the threat of continuing conduct, directed to Plaintiff." *Camara, supra*, 2021 WL 8531660, at *2.  In fact, even assuming *arguendo* that the alleged non-compete obligation in the Regional Partnership Agreement had been binding on Mr. Espat, it has already expired in December 2024.  If this Court grants the requested stay, the parties will still continue with fact discovery and continue exchanging documents.

To the extent that this letter motion may be considered as a request to modify the scheduling order, this motion complies with the strictures set forth in *Furry Puppet Studio, Inc. v. Fall Out Boy*, 2020 WL 4978080 (S.D.N.Y. 2020) (Liman, J.) (denying without prejudice a second extension under the scheduling order).  This is the first motion that deals with the scheduling order, which arises from several weeks of unanticipated motions and key developments in a related case.  The modification sought, namely, a limited stay, would greatly contribute to "the just, speedy, and inexpensive determination" of the matter, by, *inter alia*, simplifying the issues for the parties and the Court and minimizing the expense of depositions.  *Id*. at *1.

As a result of the foregoing, Mr. Espat respectfully requests that this Court grant a stay as to depositions pending a decision of his motion for judgment on the pleadings.

Very truly yours,

/Benjamin Folkinshteyn/

Benjamin Folkinshteyn


cc: Leo Esses, Esq. (via ECF)