

February 19, 2025

**VIA ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl St., Room 1620
New York, NY 10007

*The motion is denied. The Court has specifically considered 1) the verbal confirmation that Defendant is included in the class of aggrieved employees under the settlement agreement in the California action and 2) the discovery expenses incurred and likely to be incurred by Defendant. These facts do not change the balance of equities or provide cause for reconsideration of the order at Dkt. No. 53.*

SO ORDERED.

Date: 2/24/2025

Re: *Stevens & Company, LLC v. Espat*, Civ. Case No. 1:24-cv-5223 (LJL)
<u>Request for Reconsideration of Stay</u>

Dear Judge Liman:

Counsel for Mr. Espat, Defendant and Third-Party Plaintiff in the above-captioned action, respectfully requests Your Honor's forbearance to reconsider Mr. Espat's letter motion to stay depositions in light of his motion for judgment on the pleadings and developments in the related litigation involving Plaintiff Stevens & Company LLC (hereinafter, "TCA") and Third-Party Defendant Steven Kamali (hereinafter, collectively, "TCA Parties").

*On February 14, 2025, subsequent to Mr. Espat's initial submission on February 11, 2025*, Plaintiff's counsel can represent in good faith that Mr. Espat received verbal confirmation from Apex Class Action LLC, the settlement administrator appointed to administer the PAGA Settlement in *Nishinaka v. Stevens & Company, LLC., at al*. Case No. 23-STCV-17284 (CA Sup. Ct., County of LA), that he is indeed included in the class of employees aggrieved by TCA's unlawful misclassification practices in the State of California. Upon information and belief, Mr. Espat is expected to receive written confirmation of his entitlement to certain statutory damages from the PAGA Settlement and a calculation of sums thereunder by early March 2025.

As stated in the underlying letter motion, in determining whether to grant a stay of discovery pending a relevant motion, courts "must look to the particular circumstances and posture of each case," and consider factors including the breadth of discovery, prejudice to the parties, and the strength of a dispositive motion on which the request for stay is predicated. *Id.* "Courts consider: '(1) [the] breadth of discovery sought, (2) any prejudice that would result, and (3) the strength of the motion.'" *Camara v. Alltran Financial L.P.*, 2021 WL 8531660, at *1 (S.D.N.Y. 2021) (Liman, J.), citing *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013).

The strength of Mr. Espat's underlying motion is further bolstered by the foregoing developments. Although the TCA Parties are expected to respond to Mr. Espat's motion for judgment on the pleadings shortly, Mr. Espat's motion presents a substantial obstacle for them to overcome. Without a doubt, the TCA Parties' position that Mr. Espat is not an employee of TCA is logically contradicted by and diametrically opposed to their concessions in the California

matter. Thus, the third factor as set forth in *Camara*, *supra*, is satisfied. *See, e.g., Cota v. Art Brand Studios, LLC*, 2022 WL 767110, at *1 (S.D.N.Y. 2022) (Liman, J.) (noting that the "strength of a motion" is judged by whether there is a "strong showing that [the party moving for the stay] is likely to succeed on the merits.") (internal citations omitted).

The first prong is similarly satisfied since the TCA Parties are seeking extensive and burdensome discovery from Mr. Espat that is completely unnecessary given the fact that Mr. Espat has likely established TCA Parties' liability pursuant to his counterclaims and TCA not being entitled to recovery under its own complaint. Specifically, the TCA Parties have sought documents, communications, and metadata under 56 different requests for production. *See* Exhibit A attached hereto. In complying with these requests, Mr. Espat has incurred substantial costs not to mention countless hours of attorney time. *Subsequent to Mr. Espat's original submission of his motion to stay on February 11, 2025*, Defendant's counsel received an initial invoice from its e-discovery vendor totaling $5,762.84 for forensic collection, processing and storage of data, to date. Again, in light of Mr. Espat's motion and strong arguments therein as to the TCA Parties' liability under the FLSA and state employment laws for misclassification and other causes of action, a stay is warranted to minimize further needless expenses. Additionally, a stay will allow the parties to calibrate their discovery to the few remaining issues that are not resolved on Mr. Espat's motion for judgment on the pleadings. *See, e.g., Cota*, supra, 2022 WL 767110, at *1 (extremely broad discovery requests weigh in favor of stay).

Third, the TCA Parties will not suffer any undue prejudice in connection with the stay. Indeed, they will only benefit from it. For example, as a general matter, a claimant who is successful on his misclassification causes of action is entitled to recover not only wages owed, but also attorneys' fees and costs. *Fisher v. SD Protection, Inc.*, 948 F.3d 593, 601 (2nd Cir. 2020) (attorneys entitled to recover fees that are "reasonable, incidental, and necessary to the representation"). A stay in discovery would allow Mr. Espat to pause the incurrence of extensive e-discovery fees while this Court considers the underlying motion, a potential benefit to Plaintiff, not prejudice. At this stage in the proceedings, Mr. Espat cannot envision any undue prejudice to Plaintiff.

As a result of the foregoing, the balance of factors weigh heavily in favor of granting a temporary stay. Thus, Mr. Espat respectfully requests that this Court grant a stay not only as to depositions, but the remainder of discovery as well.

Very truly yours,

/Benjamin Folkinshteyn/

Benjamin Folkinshteyn


cc: Leo Esses, Esq. (via ECF)

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
STEVENS & COMPANY, LLC         :
 D/B/A THE CHEF AGENCY,          :
                                              :      Case No. 1:24-cv-05223
                  Plaintiff,     :      (LJL)(OTW)
                                              :
      -against-                      :
                                              :
JASON ESPAT,                       :
                                              :
                  Defendant.   :
------------------------------------------------------------ X

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS

Plaintiff Stevens & Company, LLC d/b/a The Chef Agency hereby requests that defendant Jason Espat produce each document, thing and/or item of electronically stored information listed below for inspection and copying (the "Request"), at the offices of The Esses Law Group, LLC, 845 Third Avenue, 6th Floor, New York, New York 10022, within thirty (30) days of service hereof.

## DEFINITIONS

The following definitions, which apply to all requests contained herein, are:

1.    "Plaintiff" means Stevens & Company, LLC d/b/a The Chef Agency, together with each of its predecessors, successors, parent companies and affiliates, and all present or former employees, officers, managers, partners, directors, shareholders, attorneys, agents, servants or representatives thereof.

2.    "Espat" means defendant Jason Espat.

3.    "Complaint" means the Complaint in this action.

4.    "Answer" means Your Answer and Counterclaim in this action.

5. "Candidate" means any Person You came in contact with, worked with, communicated with or became aware of while performing any work on behalf of Plaintiff who was seeking recruiting services from Plaintiff.

6. "Client" means any Person You came in contact with, worked with, communicated with or became aware of while performing any work on behalf of Plaintiff who was seeking the recruiting services of Plaintiff to place Candidates with said Person.

7. "Person" means any natural person, corporation, partnership, company, sole proprietorship, association, institute, joint venture, firm, trust, governmental body, or other legal entity, whether privately or publicly owned or controlled, for profit or not-for-profit, or partially or fully government owned or controlled.

8. "You" and "Your" means Espat.

9. "Communications" means the transmittal of information (in the form of facts, ideas, inquiries or otherwise), as well as any writing or any oral conversation of any kind or character, including, by way of example and without limitation, conversations, personal conversations, telephone conversations, discussions, correspondence, messages, letters, meetings, memoranda, e-mail, text messages, instant messages, telegraphic and telex communications or transmittals of documents, and other events whereby thoughts and opinions are transmitted between two or more persons, and all such documents concerning such writing or oral conversation.

10. "Concerning" means all matter of things which in any way discuss, reflect, relate to, summarize, evaluate, analyze or comment upon the subject or object of the request for production.

11. "Document" means any document within the scope of both Federal Rule 34(a) and Local Rule 26.3, the original and all copies and translations of any information in any written, recorded, graphic, or electronic form, including all memoranda of oral conversations, as well as all compilations, catalogs, and summaries of information or data, whether typed, handwritten, printed, recorded, digitally coded, or otherwise produced or reproduced, and shall include, without limitation, each and every note, memorandum, letter, electronic mail (*i.e.,* e-mails), facsimile, telegram, publication, telex, circular, pay stub, pay statement, release, article, book, report, prospectus, record, analysis, financial statement, computer disc, computer tape, photostat, microfilm, microfiche, microform, index, list, analysis chart, money order, account book, check, draft, summary, diary, transcript, agreement, calendar, graph, receipt, chart, business record, computer printout, contract, and order. "Document" also means any tape or audible recording, any photograph, motion picture, compact disc or videotape, and any non-identical copy thereof, either by virtue of other material appearing thereon, such as handwriting or typewriting, or otherwise.

12. "Electronically stored information" or "ESI" as used herein shall mean the original (or identical duplicate when the original is not available), and any non-identical copies (whether non-identical because of notes made on copies or attached

comments, annotations, marks, transmission notations or highlighting of any kind) of writings of every kind and description whether inscribed by mechanical, facsimile, electronic, magnetic, digital, or other means. Electronically stored information includes, by way of example only, computer programs (whether private, commercial or work-in-progress), programming notes or instructions, activity listing of electronic mail receipts and/or transmittals, output resulting from the use of any software program, including word processing documents, spreadsheets, database files, charts, graphs and outlines, electronic mail, operating systems, source code of all types, peripheral drivers, PDF files, batchfiles, ASCII files, and any and all miscellaneous files and/or file fragments, regardless of the media on which they reside and regardless of whether said electronic information consists in an activefile, deleted file or file fragment. Electronically stored information includes any and all items stored on computer memories, hard disks, floppy disks, CD-ROMs, removable media such as Bernoulli Boxes and their equivalent, magnetic tapes of all types, microfiche, punched cards, punched tape, computer chips, including, but not limited to EPROM, PROM, RAM and ROM, on or in any other vehicle for digital information storage and/or transmittal. Electronically stored information also includes the file, folder tabs and/or containers and labels appended to, or associated with, any physical storage device associated with each original and/or copy.

# GENERAL INSTRUCTIONS

1. Answers to this Request shall be submitted in a form so that the answer follows the retyped Request to which it applies.

2. This Request requires the production of documents and ESI in a manner that satisfies the requirements of the Federal Rules, including, but not limited to, Rule 34.

3. These Requests call for all Documents, ESI and things that are within the control of You, regardless of whether such Documents, ESI and things are possessed directly by You, or by a parent, subsidiary, assignee, assignor, or any investigators or any other person acting on behalf of You or under the direction or control of Your, Your attorneys or Your agents.

4. Each Request, and any portion thereof, is to be responded to separately, but responses to one Request, or a portion thereof, may be incorporated by reference in responses to any other Request, or a portion thereof.

5. Each Request, whether for memoranda, reports, letters, minutes or other Documents or ESI of any description, requires the production in its entirety, including all pages and attachments or exhibits, etc., without redaction or expurgation.

6. Documents and ESI produced in response to this Request should be organized and labeled to identify the particular Request or category in the Request to which they respond.

7. If any Document or ESI covered by these requests is withheld from the production on the basis of an alleged privilege or the alleged applicability of the work product doctrine, it shall be identified on a privilege log to be served upon Plaintiff, through its counsel, within ten (10) days from the date of production or at an otherwise mutually agreed upon date, and shall include:

(a) the document type;

(b) the date the document was prepared;

(c) each author, including the author's job title or position;

(d) all recipients of the document, including each recipient's job title or position;

(e) the alleged basis for withholding production of the document; and

(f) further information necessary to establish the alleged basis for withholding production of the document.

8. If any Document or ESI responding to all or any part of any Request is not currently available, include a statement to that effect and furnish whatever Documents or ESI that are available. Include in your statement when such Documents or ESI were most recently in Your possession or subject to Your control and what disposition was made of them and identify by name, job title and the last known business address each person currently in possession or control of such Document or ESI. If any of such documents have been destroyed, identify by name, job title and last known business address each person who directed that the Documents or ESI be destroyed, the person(s) actually destroying the Documents or ESI, and state the reasons the documents or ESI were destroyed.

9. "And" shall mean "or" and "or" shall mean "and" to make the Request inclusive rather than exclusive.

10. "Representative" means any (i) past or present officer, director, associate, employee, servant, agent, subsidiary, affiliate, legal counsel or any agent of such person; and (b) any other person acting or purporting to act on behalf of, or in concert with, such persons.

11. The past tense shall be construed to include the present tense and vice versa to make the Request inclusive rather than exclusive.

12. These Requests are continuing in nature and require amendment or supplementation if You or Your attorneys later become aware of facts or documents that indicate that the response previously given was incorrect or incomplete. If You do not have all of the information that You need to make a complete response to any Request, provide all Documents and ESI that You do have, state that Your information is incomplete, identify the information You would need to make a complete production of documents and ESI, and provide a supplemental production when You obtain the information necessary to do so.

13. If You record, utilize, or maintain any of the data, materials, documents, or portions of the contents of the documents that are responsive to a Request in any computer-readable format or machine-readable format, then You must produce the data, materials, documents, or portions of documents in the same variety of computer-readable or machine-readable format and on the same variety of transferable storage medium (for example, without limitation: floppy disks, tapes,

compact discs, or similar media, but not computer parts or hardware constituting "hard drives" or "tape drives") on or in which You regularly record, utilize, or maintain the information, along with written identification of the applicable software, formats, and versions needed to view the data with a personal computer. You must produce hard copies of the information as well. You shall produce items of electronically stored information responsive to these Requests either via e-mail or on electronic media storage (e.g., a CD, a DVD, a key drive or a thumb drive) in. PDF, JPG or TIFF format.

14. Plaintiff reserves its right, at a later date, to review the originals of any of the Documents or ESI produced, as well as its right to request the production of additional Documents and ESI in the future.

15. Questions regarding the interpretation of the within requests for production should be resolved in favor of the broadest possible construction.

16. Unless otherwise indicated in a particular request, the time period applicable to the documents called for is from August 1, 2022 to the present.

## REQUESTS FOR PRODUCTION

1. A copy of any agreement, contract or understanding between You and Plaintiff.

2. Any and all Documents, ESI and Communications regarding any negotiation of any agreement, contract or understanding between You and Plaintiff.

3. Any and all Documents, ESI and Communications regarding any payment made by Plaintiff to You.

4. Any and all Documents, ESI and Communications regarding any payment You allege is owed to You by Plaintiff.

5. Any and all Documents, ESI and Communications regarding any waiver by Plaintiff of any provisions of any agreement, contract or understanding between You and Plaintiff.

6. Any and all Documents, ESI and Communications between You and any employee, recruiter, contractor or worker of Plaintiff.

7. Any and all Documents, ESI and Communications received by You from Plaintiff.

8. Any and all Documents, ESI and Communications received by You from any Person regarding Plaintiff.

9. Any and all Documents, ESI and Communications between You and any Candidate from the time you were allegedly terminated by Plaintiff to the present.

10. Any and all Documents, ESI and Communications between You and any Client from the time you were allegedly terminated by Plaintiff to the present.

11. Any and all Documents, ESI and Communications sufficient to identify Your prior employment for the pst sixteen years and specific job descriptions prior to working for Plaintiff.

12. A copy of any agreement, contract or understanding between You and any employer for the past sixteen years.

13. Any and all Documents, ESI and Communications supporting Your responses in Your Answer.

14. Any and all Documents, ESI and Communications supporting Your counterclaim allegations in Your Answer.

15. Any and all Documents, ESI and Communications referenced in Your Answer.

16. Any and all Documents, ESI and Commvnciations supporting Your allegtions in paragraph 14 of the counterclaims in the Answer.

17. Any and all Documents, ESI and Commvnciations supporting Your allegtions in paragraph 15 of the counterclaims in the Answer.

18. Any and all Documents, ESI and Commvnciations supporting Your allegtions in paragraph 16 of the counterclaims in the Answer.

19. Any and all Documents, ESI and Commvnciations supporting Your allegtions in paragraph 17 of the counterclaims in the Answer.

20. Any and all Documents, ESI and Commvnciations supporting Your allegtions in paragraph 21 of the counterclaims in the Answer.

21. Any and all Documents, ESI and Commvnciations supporting Your allegtions in paragraph 22 of the counterclaims in the Answer.

22. Any and all Documents, ESI and Commvnciations supporting Your allegtions in paragraph 27 of the counterclaims in the Answer.

23. Any and all Documents, ESI and Commvnciations supporting Your allegtions in paragraph 28 of the counterclaims in the Answer.

24. Any and all Documents, ESI and Communciations supporting Your allegtions in paragraph 29 of the counterclaims in the Answer.

25. Any and all Documents, ESI and Communciations supporting Your allegtions in paragraph 32 of the counterclaims in the Answer.

26. Any and all Documents, ESI and Communciations supporting Your allegtions in paragraph 33 of the counterclaims in the Answer.

27. Any and all Documents, ESI and Communciations supporting Your allegtions in paragraph 34 of the counterclaims in the Answer.

28. Any and all Documents, ESI and Communciations supporting Your allegtions in paragraph 36 of the counterclaims in the Answer.

29. Any and all Documents, ESI and Communciations supporting Your allegtions in paragraph 37 of the counterclaims in the Answer.

30. Any and all Documents, ESI and Communciations supporting Your allegtions in paragraph 38 of the counterclaims in the Answer.

31. Any and all Documents, ESI and Communciations supporting Your allegtions in paragraph 39 of the counterclaims in the Answer.

32. Any and all Documents, ESI and Communciations supporting Your allegtions in paragraph 40 of the counterclaims in the Answer.

33. Any and all Documents, ESI and Communciations supporting Your allegtions in paragraph 41 of the counterclaims in the Answer.

34. Any and all Documents, ESI and Communciations supporting Your allegtions in paragraph 42 of the counterclaims in the Answer.

35. Any and all Documents, ESI and Communciations supporting Your allegtions in paragraph 50 of the counterclaims in the Answer.

36. Any and all Documents, ESI and Communications supporting the First Cause of Action in Your Answer.

37. Any and all Documents, ESI and Communications supporting the Second Cause of Action in Your Answer.

38. Any and all Documents, ESI and Communications supporting the Third Cause of Action in Your Answer.

39. Any and all Documents, ESI and Communications supporting the Fourth Cause of Action in Your Answer.

40. Any and all Documents, ESI and Communications supporting the Fifth Cause of Action in Your Answer.

41. Any and all Documents, ESI and Communications supporting the Sixth Cause of Action in Your Answer.

42. Any and all Documents, ESI and Communications supporting the Seventh Cause of Action in Your Answer.

43. Any and all Documents, ESI and Communications supporting the Eighth Cause of Action in Your Answer.

44. Any and all Documents, ESI and Communications supporting the Ninth Cause of Action in Your Answer.

45. Any and all Documents, ESI and Communications supporting the Tenth Cause of Action in Your Answer.

46. Any and all Documents, ESI and Communications supporting the Thirteenth Cause of Action in Your Answer.

47. Any and all Documents, ESI and Communications supporting the Fourteenth Cause of Action in Your Answer.

48. Any and all Documents, ESI and Communications supporting the Fifteenth Cause of Action in Your Answer.

49. Any and all Documents, ESI and Communications supporting the Sxiteenth Cause of Action in Your Answer.

50. Any and all Documents, ESI and Communications supporting Your Affirmative Defenses in Your Answer.

51. Any and all Documents, ESI, and Communications between You and any Person regarding Plaintiff.

52. Any and all Documents supporting Your calculation of Damages.

53. Any and all Documents, ESI and Communications with any Person regarding or referencing (a) the claims that are the subject of this lawsuit and (b) Your defenses that have been asserted in this lawsuit.

54. Any and all Communications (including tapes, recordings and transcripts), ESI and Documents concerning any interview, investigation or statement concerning this matter.

55. Any and all Documents, ESI and Communications not requested herein that You plan on or intend to use in support or defense of this litigation.

56. Any and all copies of Communications, ESI and Documents concerning this action received by You from any third party, whether in response to a subpoena or otherwise.

Dated: October 31, 2024

THE ESSES LAW GROUP, LLC

By: *Leo L. Esses*

Leo L. Esses, Esq.
845 Third Avenue, 6th Floor
New York, New York 10022
Telephone: 212-673-3160
leo@esseslaw.com