# The Esses Law Group, LLC

Attorney at Law
845 Third Avenue, 6th Floor
New York, New York 10022

Leo L. Esses                                                                                  phone 212.673.3160
Leo@EssesLaw.com                                                                       fax 212.845.9981

May 2, 2025

**VIA ECF**

Hon. Lewis J. Liman
United States District Court
500 Pearl Street, Room 1620
New York, New York 10007

Re:   *Stevens & Company LLC v. Jason Espat*
      1:24-cv-05223

> The motion for a conference or to preclude evidence under Rule 37, Dkt. No. 88, is denied. If this case proceeds to trial, counsel for Espat may move in limine to limit TCA to the damages set forth in TCA's disclosures on the timetable set by the Court for motions in limine.
>
> Date: 5/2/25
>
> SO ORDERED.
> LEWIS J. LIMAN
> United States District Judge

Dear Judge Liman:

　　I write on behalf of Stevens & Company, LLC and Steven Kamali (collectively, the "TCA Parties") in response to Defendant's April 30, 2025 letter regarding our supplemental damages disclosures.

　　At the outset, it bears emphasis — and regret — that this is no less than the fourth time Defendant has burdened this Court with letter motion practice over a discovery issue without first making any attempt to meet and confer. Once again, Defendant has chosen letter-writing theatrics over basic professionalism, wasting time, resources, and judicial bandwidth. This Court is more than capable of managing its own docket — but it should not have to referee routine disclosure disputes that could be resolved with a phone call. The Court's docket is already heavy with matters deserving of judicial attention; opposing counsel's continued insistence on weaponizing Rule 26 over trivial or non-existent issues does a disservice to the parties, the process, and the Court.

　　Substantively, Defendant's complaints are entirely without merit. The TCA Parties' April 25, 2025 disclosures complied fully with both Rule 26 and this Court's March 31, 2025 Order. We provided a breakdown of damages by category, clearly disclosed the basis for our attorneys' fees claims, and expressly offered to make the supporting invoices available for inspection. That Defendant chose not to request

those invoices — which we offered in redacted form to preserve privilege — is his own strategic decision, not a failure on our part.

With respect to the faithless servant claim, the measure of damages is the amount paid to the purported employee. Here, that amount is currently zero, because – as Espat complains – he was never paid by Plaintiff. We accordingly disclosed that any recovery would be limited to equitable remedies the Court may award, not a fabricated computation. That is not a deficiency — it is an honest and accurate statement of our claim.

Defendant's objection that our revised disclosure does not total the exact amount alleged in the Complaint misses the point entirely. Damages disclosures under Rule 26 are not pleadings, and we are not required to invent numbers to align with initial estimates. Our updated disclosures reflect the damages currently supported by the record — and they were timely served.

The demand for preclusion is frivolous. Rule 37(c) is not a cudgel to be used every time a party dislikes the content of a disclosure. It applies only when a party "fails to disclose" — not where, as here, the disclosure is complete and any further detail could have been requested informally. Defendant has made no effort to mitigate his supposed confusion, and instead rushed to Court — again — to demand relief he is not entitled to.

We remain willing to discuss any aspect of the disclosures in good faith, and we are prepared to provide the supporting documents to Defendant upon request, as we have already offered. But we respectfully submit that his April 30 letter should be summarily disregarded as yet another improper and unnecessary imposition on this Court's time.

Finally, in light of the repeated, unjustified, and wasteful letter-writing campaign conducted by defense counsel, we respectfully request that this Court direct Defendant not to file any further discovery-related letters or applications unless and until he has conducted a good faith, telephonic meet and confer with the undersigned. That is the minimum standard of professional conduct required under the rules — and at this point, should be enforced by Order of this Court.

I thank the Court in advance for its time and attention this matter.

Respectfully submitted,

*Leo L. Esses*

cc:     All Counsel of Record via ECF