USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 05/16/2025

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------X
:
STEVENS & COMPANY LLC, d/b/a THE CHEF :
AGENCY, :
: 24-cv-5223
:
Plaintiff, :
: MEMORANDUM AND
-v- : ORDER
:
JASON ESPAT, :
:
Defendant. :
:
-------------------------------------------------------------------X
:
JASON ESPAT, :
:
Third-Party Plaintiff/Counterclaimant, :
:
-v- :
:
STEVEN KAMALI, :
:
Third-Party Defendant, :
:
and :
:
STEVENS & COMPANY LLC, d/b/a THE CHEF :
AGENCY, :
:
Counterclaim Defendant. :
:
-------------------------------------------------------------------X

LEWIS J. LIMAN, United States District Judge:

Defendant, Counterclaimant, and Third-Party Plaintiff Jason Espat ("Espat") moves for reconsideration of this Court's Opinion and Order of March 28, 2025, dismissing the Sixth, Fifteenth, and Sixteenth causes of action and a portion of his Seventh cause of action in his amended counterclaims and third-party complaint. Dkt. No. 87. In the alternative, Espat asks that the Court certify the Opinion and Order for interlocutory appeal as it pertains to Espat's

Sixth cause of action, which is for "unlawful non-compete restrictions." *Id.* at 11–12; *see* Dkt. No. 42 at 21–22. The motion is denied.

"A motion for reconsideration should be granted only if the movant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Spin Master Ltd. v. 158*, 2020 WL 5350541, at *1 (S.D.N.Y. Sept. 4, 2020) (quoting *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013)). Reconsideration of a court's previous order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Health Mgmt. Sys., Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000) (citation omitted). It is not a "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple.'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). "The standard for granting a motion for reconsideration 'is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— matters, in other words, that might reasonably be expected to alter the conclusion reached by the Court.'" *Justice v. City of New York*, 2015 WL 4523154, at *1 (E.D.N.Y. July 27, 2015) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)).

Espat's motion is untimely. Under Local Civil Rule 6.3, a notice of motion for reconsideration ordinarily must be served within 14 days of the entry of the court's order being challenged. S.D.N.Y. Local Civil Rule 6.3; *see Hines v. BMG Rts. Mgmt. (US) LLC*, 711 F. Supp. 3d 200, 204 (S.D.N.Y. 2024) ("[T]he untimeliness of a "motion for reconsideration under Local Civil Rule 6.3 . . . is reason enough to deny the motion." (quoting *McGraw-Hill Glob.*

*Educ. Holdings, LLC v. Mathrani*, 293 F. Supp. 3d 394, 397 (S.D.N.Y. 2018))); *Palin v. New York Times Co.*, 482 F. Supp. 3d 208, 224 n.15 (S.D.N.Y.), *modified*, 510 F. Supp. 3d 21 (S.D.N.Y. 2020).  Because Espat challenges an order that was entered on March 28, 2025, he was required to serve his notice of motion by April 11, 2025.  Instead, he filed it on April 25, 2025.  There is an exception under Local Civil Rule 6.3 for motions that have a more extended deadline, such as motions under Federal Rule of Civil Procedure 59.  *See* S.D.N.Y. Local Civil Rule 6.3.  Espat invokes Federal Rule of Civil Procedure 59.  *See* Dkt. No. 87 at 1.  However, as Espat concedes in his reply memorandum of law, Dkt. No. 94 at 1–2, that rule is applicable only to motions to amend or alter a "judgment," and no judgment has been entered here, *see Hong v. Mommy's Jamaican Mkt. Corp.*, 2024 WL 2214309, at *1 (S.D.N.Y. May 16, 2024).

Even if the motion were timely, it would be without merit.  The gravamen of Espat's argument is that this Court misapplied *United States v. Moseley*, 980 F.3d 9 (2d Cir. 2020), in concluding that it was required to honor the party's contractual agreement that New York law applies to this dispute.  Dkt. No. 87 at 5–6; Dkt. No. 94 at 4.  But the Court did not ignore *Mosely*.  Consistent with the decisions of other judges in this District, the Court applied *Mosely*.  Dkt. No. 76 at 11, 16.  Espat's argument thus amounts to no more than the claim that the Court "misapplied" *Mosely*, Dkt. No. 94 at 4, but "misapplication" of the law "is a ground for appeal, not reconsideration," *Sikhs for Just. v. Nath*, 893 F. Supp. 2d 598, 609 (S.D.N.Y. 2012).  In any event, Espat provides no reason for the Court to conclude that the charge of misapplication is warranted here.  Espat relies primarily on Judge McMahon's decision in *BDO USA, P.C. v. Rojas*, 2024 WL 3236822, at *9 (S.D.N.Y. June 27, 2024), *reconsideration denied*, 2024 WL 3729581 (S.D.N.Y. Aug. 8, 2024), but that decision is inapposite.  The court there concluded that a New York choice-of-law provision was not enforceable because the Agreement and the

3

transaction challenged by plaintiff had "no relationship whatever to New York." *Id.* at \*8. Neither party to the contract was located in New York, the agreement was negotiated outside of New York, and the subject of the contract had nothing to do with New York. *Id.* Here, Plaintiff TCA was based in New York and Espat did at least some portion of his work for the company from New York. Dkt. No. 76 at 17.

The request that the Court certify an interlocutory appeal also is denied. 28 U.S.C. §1292(b) provides that leave to appeal should be granted only if (1) the appeal "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." *In re Lehman Bros. Holdings Inc.*, 2019 WL 2023723, at \*3 (S.D.N.Y. May 8, 2019) (quoting 28 U.S.C. § 1292(b)). "The party seeking leave to appeal bears the burden of demonstrating that all three criteria have been met." *Id.* Moreover, that party must show "'exceptional circumstances' to 'overcome the general aversion to piecemeal litigation' and 'justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment.'" *MF Glob. Holdings Ltd. v. Allied World Assurance Co.*, 2017 WL 2819870, at \*2 (S.D.N.Y. June 29, 2017) (quoting *Klinghoffer v. S.N.C. Achille Lauro Ed Altri-Gestione Motonave*, 921 F.2d 21, 24 (2d Cir. 1990)); *see In re Reifler*, 2018 WL 3212464, at \*5 (S.D.N.Y. June 28, 2018) (same). "Even when all three criteria are met, a district court retains 'unfettered discretion' to deny leave to appeal for 'any reason,' including judicial economy." *In re Lehman Bros.*, 2019 WL 2023723, at \*3 (quoting *Klinghoffer*, 921 F.2d at 24); *see also MF Global Holdings*, 2017 WL 2819870, at \*2. Espat has identified no controlling question of law as to which there would be a substantial ground for difference of opinion, and an

interlocutory appeal would unnecessarily delay the resolution of this case. If the Court has erred in its application of *Mosely,* Espat may raise that issue on appeal.

The motion for reconsideration, or in the alternative for certification of an interlocutory appeal, is DENIED. The Clerk of Court is respectfully directed to close the motion at Dkt. No. 87.

SO ORDERED.

Dated: May 16, 2025
      New York, New York

_____
              LEWIS J. LIMAN
          United States District Judge